### LIANG DONG LIN, Petitioner,

v.

### Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–1856–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Jan Potemkin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Liang Dong Lin, a native and citizen of the People's Republic of China, seeks review of a March 20, 2008 order of the BIA, affirming the June 30, 2006 decision of Immigration Judge ("IJ") Philip Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Dong Lin,* No. A200 027 400

(B.I.A. Mar. 20, 2008), *aff'g* No. A200 027 400 (Immig. Ct. N.Y. City Jun. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir. 2008).[1]

Upon our review of the administrative record, we find that substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on Lin's failure to include in his asylum application any assertion that he was arrested by Chinese authorities and electrocuted while in detention. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 294–96 (2d Cir.2006) (holding that an applicant's failure to include any reference to his alleged detention and beating in his I–589 form is a "self evident" inconsistency that the agency may rely on without first soliciting an explanation).[2] Although "asylum applicants are not required to list every incident of persecution on their I–589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir. 2006), Lin's omission of this assertion was sufficiently dramatic as to undermine his credibility. *See Xian Tuan Ye,* 446 F.3d at 294–96.

In his brief, Lin concedes that this omission is "significant." However, he argues that the IJ did not consider his explanation. This argument is entirely unavailing, because the IJ specifically considered Lin's explanation and reasonably rejected it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Regardless, because Lin gave "dramatically different" accounts of his alleged persecution in China, the IJ was not required to consider his explanation. *See id.*

Lin also argues that the IJ found that he was Catholic, which demonstrated that he has a well-founded fear of future persecution. That argument also fails, because while the IJ did note that one could be lead to believe that Lin is a practicing Catholic, he ultimately found Lin not credible, stating that it was not clear what one could believe in Lin's testimony. *Cf. Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

Ultimately, because a reasonable factfinder would not be compelled to conclude to the contrary, we find that the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin,* 534 F.3d at 165–66. Thus, the agency's denial of Lin's application for asylum was proper. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, because Lin bases his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those

---

[1] The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin,* 534 F.3d at 165. Thus, Lin's argument that the IJ was required to rely only on inconsistencies that bear a nexus

to his asylum claim is unavailing. *See Xiu Xia Lin,* 534 F.3d at 165. Regardless, the IJ identified discrepancies that did go to the heart of Lin's claim.

[2] Lin also did not testify on direct examination about the alleged arrest and detention, raising it only on cross-examination.

claims necessarily fail.[3] *See Paul,* 444 F.3d at 156; *Xue Hong Yang v. U.S. Dep't. of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

3. While Lin does not specifically address withholding of removal and CAT relief in his brief, because he challenges the agency's adverse credibility determination, which was dispositive of each of his claims, we do not dispose of these claims on waiver grounds. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).